Form G16

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Deborah K. Ebner, Trustee | **DEFENDANTS**<br>Catherine A. Corrigan |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ariane Holtschlag<br>105 W. Madison Suite 1500; Chicago, IL 60602<br>312-878-4830 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>■ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ■ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance and Recovery of Transfers 11 U.S.C 544, 550 and 740 ILCS 160/5 and 6

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
■ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 122,765.57 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>William Edward Corrigan | BANKRUPTCY CASE NO.<br>20-09613 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Illinois | DIVISION OFFICE<br>Eastern || NAME OF JUDGE<br>Doyle |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Ariane Holtschlag ||||
| DATE<br>2/1/21 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Ariane Holtschlag |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **William Edward Corrigan,** | Bankruptcy No. 20-09613 |
| Debtor. | Honorable Carol A. Doyle |
| **Deborah K. Ebner, Trustee**, | |
| Plaintiff, | |
| v. | Adversary No. |
| **Catherine A. Corrigan**, | |
| Defendant. | |

## COMPLAINT TO AVOID
## FRAUDULENT TRANSFER AND RELATED RELIEF

Deborah K. Ebner, not individually but as the chapter 7 trustee (the "***Trustee***" or "***Plaintiff***") of the bankruptcy estate (the "***Estate***") of William Edward Corrigan (the "***Debtor***"), brings this Complaint against Catherine A. Corrigan ("***Catherine***") and states as follows:

Catherine is the Debtor's non-filing spouse. While the Debtor's businesses were failing and he was subject to extensive claims, the Debtor and Catherine sold their home. After paying off the liens on the property, sale proceeds were approximately $244,000. The Debtor and Catherine were each entitled to one-half of those proceeds. Instead, the Debtor caused Catherine to receive his half of the proceeds.

For the benefit of the Debtor's approximately $2.3 million in scheduled creditors, the Trustee seeks to avoid and recover the proceeds transferred to Catherine.

## JURISDICTION AND VENUE

1. This adversary proceeding arises in the Debtor's Chapter 7 bankruptcy case, pending before this Court as case number 20-09613 (the "*Case*").

2. Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. §157(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(H), and this Court has constitutional authority to enter final judgments and orders thereon.

4. In the event that it is determined that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, consent is given, pursuant to 28 U.S.C. § 157(c)(2), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

5. This Court is the proper venue for this adversary proceeding pursuant to 28 U.S.C. § 1409.

## FACTS COMMON TO ALL COUNTS

### I. The Debtor, his debts, and the Parties.

6. On April 21, 2020 (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11, United States Code (11 U.S.C. §§ 101, et seq. (the "*Bankruptcy Code*")), in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division commencing the Case.

7. Upon the commencement of the case, the Debtor scheduled ownership interests in five businesses, one of which was a pass-through for

the Debtor's current business as a real estate agent. The other four had been dissolved between 2010 and 2014:

  a. The Debtor owned 33% of PVBS, Inc., d/b/a Corrigan's Pub, which was involuntarily dissolved on December 10, 2010;

  b. The Debtor owned 50% of CCS Real Estate Corporation, which was involuntarily dissolved on April 12, 2013;

  c. The Debtor owned 50% of Metro Rehab Services, Inc., which was involuntarily dissolved on November 8, 2013; and

  d. The Debtor owned 33% of CKS, Inc., d/b/a Medical Applications, which was involuntarily dissolved on February 10, 2014;

8. The greatest measure of the Debtor's debts were scheduled as "business debt" or as "personal guarantees" for a business:

  a. No less than $880,607.50 was scheduled as debt related to or guaranteed for Metro Rehab Services, Inc.

  b. Even ignoring certain claims listed as "unknown," no less than $643,050 was scheduled as debt related to or guaranteed for PVBS, Inc., d/b/a Corrigan's Pub.

9. Relatedly, prior to the bankruptcy filing, the Debtor had at least one substantial judgment against him – held by Invacare, against the Debtor, another obligor, and Metro Rehab Services, in case 11-L-008781 in the Circuit Court of Cook County, in the judgment amount of $241,720.37, which was entered on November 6, 2012.

10. Additionally, the Debtor's Social Security benefits had been getting set off since at least 2013, due to his having defaulted on a Small Business Administration loan.

11. At all times relevant to the allegations herein, there existed at least one creditor of the Debtor with standing to avoid the Transfer under state law.

12. Plaintiff is the duly appointed chapter 7 trustee of the Estate.

13. Catherine is the Debtor's non-filing spouse.

**II.   The Property and the Sale Thereof.**

14. On or about May 16, 2000, the Debtor and Catherine purchased real estate commonly known as 505 North Lake Shore Drive, Units 1211 and 1212, in Chicago, Illinois, 60611, as well as parking spot D-82 in that building (collectively, the "***Property***").

15. On or about February 10, 2010, the Debtor and Catherine granted a deed in trust to Marquette Bank, Trustee, as trustee under a trust agreement dated the 25th day of January, 2010 and known as Trust Number 19116 (***"Marquette"***).

16. Thereafter, the Debtor and Catherine continued to reside in and use the Property.

17. The Debtor and Catherine each retained a one-half interest in the earnings, avails, and disposition of proceeds from sale or other transfer of the Property.

18. The Debtor and Catherine caused the property to be listed for sale, and on January 18, 2018, the Debtor and Catherine sold the Property to the Dilly Bear Living Trust for $685,000.00 (the "***Sale***"). The Debtor and Catherine executed the closing documents on behalf of the Trust.

19. The net due to the Debtor and Catherine from the Sale was $245,531.14 (the "***Net Proceeds***").

20. The Debtor was entitled to receive one half of the Net Proceeds, that is, $122,765.57.

21. The full value of the Net Proceeds, $245,531.14, was paid to Catherine.

22. The Net Proceeds were delivered to Catherine in the form of a check, specifically check number 570958 drawn on the escrow account of Old Republic Title, dated January 18, 2018 in the amount of $245,531.14 (the "***Check***"); a copy of this instrument is attached hereto as **<u>Exhibit A</u>** and incorporated herein by reference.

23. Catherine's receipt of the Debtor's half of the Net Proceeds ("the ***Transfer***") occurred at the Debtor's direction and with the Debtor's consent.

24. On or about January 25, 2018, Catherine negotiated the Check, depositing the Check in to account number XXX-X8357 at Merrill Lynch.

25. Catherine is the sole owner of account number XXX-X8357 at Merrill Lynch.

## COUNT I - AVOIDANCE OF TRANSFER (§ 544 AND IFTA § 5(a)(1))

26. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein.

27. Section 5 of the Illinois Uniform Fraudulent Transfer Act (the "***IFTA***"), provides that "[a] transfer made … by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made …, if the debtor made the transfer … with actual intent to hinder, delay, or defraud any creditor of the debtor …." 740 ILCS 160/5(a)(1).

28. The Debtor had a one-half ownership interest in the Property and was entitled to one-half of the Net Proceeds from its sale.

29. The Transfer occurred within four (4) years of the Petition Date.

30. The Debtor made the Transfer with actual intent to hinder, delay or defraud existing and/or future creditors.

31. The Debtor received nothing of value in exchange for the Transfer.

32. The Debtor made the Transfer for the benefit of Catherine, an insider.

33. At the time of the Transfer, the Debtor was insolvent.

34. At the time of the Transfer, the Debtor was not paying his debts as they became due.

**WHEREFORE**, the Trustee respectfully requests a judgment in her favor and against Catherine A. Corrigan avoiding the Transfer and granting any additional relief that is appropriate under the circumstances.

## COUNT II - AVOIDANCE OF TRANSFER (§ 544 and IFTA § (6)(a))

35. The Trustee incorporates each of the other allegations of this Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

36. This Count is plead in the alternative to the extent the relief or the allegations contradict anything else contained in this Complaint.

37. Section 6 of the IFTA provides that a transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation. 740 ILCS 160/6.

38. The Transfer occurred within four (4) years of the Petition Date.

39. The Debtor received nothing in exchange for the Transfer.

40. The Debtor did not receive reasonably equivalent value in exchange for making the Transfer.

41. When the Debtor made the Transfer, he was insolvent, or he became insolvent as a result of the Transfer.

42. At the time of the Transfer, the Debtor was not paying his debts as they came due.

43. When the Debtor made the Transfer, he was engaged in a business or transaction for which its remaining assets were unreasonably small and it intended to incur and reasonably believed it would incur debts beyond his ability to pay as they became due.

**WHEREFORE**, the Trustee respectfully requests a judgment in her favor and against Catherine A. Corrigan avoiding the transfer and granting any additional relief that is appropriate under the circumstances.

### COUNT III – RECOVERY OF AVOIDED TRANSFER
### 11 U.S.C. § 550

44. The Trustee incorporates all other allegations of the Complaint as though fully set forth herein, except that any allegations inconsistent with the relief requested in this Count are not included.

45. Section 550 of the Bankruptcy Code provides that "to the extent that a transfer is avoided under section 544 … 547, [or] 548 … the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from … the initial transferee of such transfer or the entity for whose benefit such transfer was made." 11 U.S.C. § 550(a).

46. Catherine was the initial transferee of the Transfer.

47. Catherine benefitted from the Transfer by retaining the full Net Proceeds as her sole and separate property.

48. The Transfer is avoidable under Section 544 of the Bankruptcy Code as set forth above.

49. The Trustee is entitled to recover the property transferred or the value of the avoided Transfer for the benefit of the Estate.

**WHEREFORE**, the Trustee respectfully requests a judgment in her favor and against Catherine A. Corrigan in the amount of

$122,765.57, plus pre-judgment interest from the date of the transfer and post-judgment interest and costs and granting any additional relief that is appropriate under the circumstances.

Dated: February 1, 2021

**Deborah K. Ebner,** not individually but solely as the chapter 7 trustee of the bankruptcy estate of William Edward Corrigan

By: */s/ Ariane Holtschlag*
One of her attorneys

Ariane Holtschlag (6294327)
Justin Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312)373-7226
Fax: (847) 574-8233
Email: jstorer@wfactorlaw.com